IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JERRY LEVI REITMIRE

        Petitioner,

V.                                             CIVIL ACTION NO. 3:04-1350

STATE OF WEST VIRGINIA, ex rel.,
STATE OF FLORIDA,

        Respondents.

## FINDINGS AND RECOMMENDATION

Jerry Levi Reitmire, presently incarcerated at the Western Regional Jail on a Governor's warrant issued on the application of the Governor of Florida and awaiting extradition to that state,[1] is before the Court on a petition for writ of habeas corpus. In his petition and subsequent filings, Reitmire alleges numerous irregularities during the course of the extradition proceedings which he contends have deprived him of rights secured by the Constitution. In his filings, Reitmire also alleges he has filed a petition for writ of habeas corpus and an amended petition for writ of habeas corpus in the Circuit Court of Mason County and that at least as of the date of his most recent filing a hearing has not been held nor a decision rendered on the petition.

Apart from the fact that in extradition proceedings inquiry in an asylum state is confined within very narrow bounds,[2] a petitioner seeking habeas relief from extradition proceedings

---

[1] See W.Va. Code §§5-1-7 to 5-1-9.

[2] See, New Mexico, ex rel. Ortiz v. Reed, 524 U.S. 151 (1998).

in state court is required to exhaust state remedies "as a prerequisite" to seeking relief in the federal courts. Tickle v. Summers, 270 F.2d 848, 850 (4th Cir. 1959). Exhaustion, of course, requires that petitioner not only seek habeas relief in the Circuit Court of Mason County[3] but also that he appeal an adverse decision to the Supreme Court of Appeals of West Virginia.[4] In this case it is apparent from the petition and subsequent pleadings that petitioner has not exhausted state remedies and that, as a consequence, his petition must be dismissed, without prejudice, to allow him to pursue those remedies in the Circuit Court of Mason County and, if unsuccessful there, to appeal the decision to the West Virginia Supreme Court.

## RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Reitmire's petition for writ of habeas corpus be dismissed, without prejudice, for failure to exhaust available state remedies.

Petitioner is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2254 Cases, petitioner may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and

---

[3] A petition for writ of habeas corpus is the sole method for testing the legality of an extradition warrant issued by the Governor. In re Heck, 7 S.E.2d 866, 867 (W.Va. 1940).

[4] See, In re Extradition of Chandler, 534 S.E.2d 385 (W.Va. 2000); State ex rel. Mitchell v. Allen, 185 S.E.2d 355 (W.Va. 1971).

Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and petitioner is advised that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

       The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to petitioner.

DATED: June 1, 2005

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE